AARON SHOTTENFELD, Plaintiff, *v.* SONIA WAIST & DRESS Co., INC., and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, March 20, 1936.

*Morris & Samuel Meyers*, for the plaintiff.

*George R. Bregman* [*Thomas Pompilio* of counsel], for the defendants.

WINTER, J. Plaintiff is seeking a reargument of this court's decision, striking this case from the jury calendar.

After careful consideration of the matter, I am of the opinion that my original decision was proper and that the case was not properly on the jury calendar and that plaintiff's demand was not timely and did not comply with section 118 of the Municipal Court Code.

That section requires that a demand for a trial by a jury may be made by either party " within three days after joinder of issue." Plaintiff filed his demand on the fourth day after defendant had filed its answer and served the same on plaintiff by mail. Plaintiff claims, however, that the demand is nevertheless timely because the service by mail of the answer extended his time three days by virtue of section 164 of the Civil Practice Act. This contention is obviously not valid unless issue is joined under the Municipal Court Code by the service of the answer and not by its filing. In my opinion, however, plaintiff's contention in this respect is not sound. The practice in this court is essentially different in this respect from that in the Supreme Court. Here the summons requires the defendant to appear in the court " before the clerk of the said court at his office * * * within five days after the service of this summons upon you * * * and to make answer to the complaint," etc., while the summons in the Supreme Court requires the defendant to serve his answer on the plaintiff within the prescribed time. Also section 78 of the Municipal Court Code compels issue to be joined " within the time limited by the summons " or within five days. Issue according to the summons is an appearance and answer in the clerk's office. Nothing is required about serving the answer, and a default cannot be taken for non-service of the answer provided it is filed within the proper time after service of the summons. The Code will be searched in vain for any reference to joinder of issue by service of the answer. Service of papers in this court is a creature of the rules made by its judges and not by the Legislature. This requirement is for the convenience of the bar, the court and the litigants, but it cannot overrule the plain provisions of the statute. In my opinion, issue in this action was joined when the answer was made in the clerk's office and plaintiff was required to demand a trial by jury within three days thereafter whether he received any copy of the answer or not, or whether it was served on him personally or by mail. The service of the answer had nothing whatever to do with the joinder of issue any more than it would have affected the issue in any way if the answer had been made orally to the clerk and indorsed on the papers.

The motion should be denied.